IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| GUY E. LATTUS, | * |
| Plaintiff, | * |
| v. | * |
| MICHAEL O. LEAVITT, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | CIVIL NO.: WDQ-05-2310 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Memorandum Opinion

Guy Lattus has sued Michael Leavitt, Secretary of the Department of Health and Human Services ("DHHS") for employment discrimination pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-797b. Pending is the Defendant's motion to dismiss or, in the alternative, for summary judgment. For the following reasons, summary judgment will be granted to the Defendant.

I. Background

In March, 2003 DHHS issued vacancy announcement PSC-03-021 for accountant positions in the Contract Support and Review Branch ("CSRB"), Division of Acquisition Management, Program Support Center in Rockville, Maryland. Def.'s Mot. to Dismiss or for Summary Judgment, p. 2. Lattus–who stutters–applied for the position and was interviewed by Martha Ames (CSRB Chief) and

1

Margaret Kelly (Supervisory Contract Specialist) in May, 2003, but was not selected for the position.

After being notified of his non-selection, Lattus filed a formal Equal Employment Opportunity complaint in August, 2003. Lattus withdrew that complaint in June, 2005 in order to seek action in this Court.

II. Analysis

Defendant has moved to dismiss the complaint or, in the alternative, for summary judgment arguing that: 1) Lattus cannot establish a *prima facie* case of employment discrimination; 2) DHHS has provided legitimate, non-discriminatory reasons for not selecting Lattus; and 3) there is no evidence that DHHS's reasons were pretextual.  Lattus argues in response that: 1) he is disabled under the Americans with Disabilities Act; 2) he is significantly affected by his disability; and 3) a dispute of fact exists as to whether DHHS's reasons for not hiring him were pretextual.

A. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322

2

(1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

B. *McDonnell Douglas* Framework

Under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1972), a plaintiff can establish a *prima facie* case of discrimination if he shows: 1) he is a member of a protected group; 2) he applied for an open position; 3) he was qualified for the position; and

3

4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Bryant v. Aiken Regional Medical Centers, Inc.,* 333 F.3d 536 (4th Cir. 2003).

Once the plaintiff establishes a *prima facie* case, the employer must show a non-discriminatory reason for its actions. *McDonnell Douglas,* 411 U.S. 792. If the employer can offer a legitimate explanation, the plaintiff must show that the explanation is pretextual. *Id.*

C. Non-Discriminatory Reason for Non-Selection

Defendant argues that even assuming that Lattus can establish a *prima facie* case of discrimination (which Defendant does not concede)[1], DHHS has offered a non-discriminatory reason for his non-selection.

Specifically, Martha Ames (who interviewed Lattus and made the decision not to hire him) noted that during his interview, Lattus: 1) talked excessively; 2) his answers were vague and unresponsive to the questions; 3) he could not explain the difference between a cost and price analysis; and 4) he was facing a disciplinary action in his current office. Ames Affidavit, ¶¶ 10,13. Margaret Kelly (who also interviewed

---

[1] Defendant contends that there is no evidence that Lattus's disability significantly affected his speech and both Ames and Kelly have averred that they were unaware that Lattus had a speech impediment. Ames Affidavit, ¶ 11; Kelly Affidavit, ¶ 10.

4

Lattus) noted: 1) Lattus provided unnecessarily lengthy answers to questions; 2) his attire was unprofessional; and 3) he faced pending disciplinary action.  Kelly Affidavit; ¶¶ 9,12.  In addition, Ames and Kelly found the two applicants who were selected more qualified for the position.  Ames Affidavit, ¶ 15; Kelly Affidavit, ¶ 14.

As DHHS has offered a legitimate, non-discriminatory explanation for Lattus's non-selection, the burden shifts to Lattus to show that this explanation is pretextual.  *McDonnell Douglas*, 411 U.S. 792.

Although Lattus has averred that his disability was apparent during the interview and that Ames cringed when he stuttered, he has not refuted DHHS's contention that his answers to questions were vague, that he could not answer specific questions, that he was dressed unprofessionally, that he was facing pending disciplinary action or that the applicants selected were more qualified than himself.  Therefore, Lattus has failed to offer any evidence that DHHS's proffered reasons for not selecting him are mere pretext.

As Lattus's claims fail under the *McDonnell Douglas* standard, Defendant's motion for summary judgment will be granted.

<u>February 1, 2006</u>           <u>        /s/         </u>
Date           William D. Quarles, Jr.
         United States District Judge